(63 South. 490.)

No. 19,591.

Succession of MANN.

(Nov. 3, 1913.  Rehearing Denied Dec. 1, 1913.)

*(Syllabus by the Court.)*

DESCENT AND DISTRIBUTION (§ 71*) — EVIDENCE OF HEIRSHIP—SUFFICIENCY.

Only questions of fact are involved in this case.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 229–236; Dec. Dig. § 71.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Succession of George Washington Mann. Action by the parents of George Washington Mann against Ollie Mann, his widow, to annul a judgment. From a judgment for plaintiffs, defendant appeals. Amended.

E. M. Stafford, H. W. Robinson, and J. J. McLoughlin, all of New Orleans, for appellant. Caffery, Quintero, Gidiere & Brumby, of New Orleans, for appellees.

SOMMERVILLE, J. A question of parentage of a colored male infant, who died in New Orleans, December 28, 1911, is here involved.

The defendant, Ollie Mann, claiming said child to have been the issue of her marriage with the deceased, George Washington Mann, and born after his death, had the child regularly recognized as the forced heir of said George Washington Mann, and sent into possession of the latter's estate.

Plaintiffs, the parents of George Washington Mann, allege that the said child was George Houston, and not the child of their deceased son, George Washington Mann, and of his widow, the defendant in this cause. They ask that the judgment recognizing said George Houston, wrongly called George Mann, as the son and heir of George Washington Mann, and entitled to his estate, be annulled and set aside.

There was judgment in favor of plaintiffs, annulling said judgment; and defendant, the widow of George Washington Mann, has appealed.

The number of witnesses examined in this case is about equally divided between the parties; and the testimony given on their behalf conflicts to the greatest possible extent.

That for plaintiffs goes to show that the child claimed by defendant to be the issue of her marriage with the deceased, George Washington Mann, was named George Houston, was born in New Orleans, September 12, 1911, to a colored woman, now in Birmingham, Ala.; and that the latter took her said child to the Convent of the Holy Family, a colored institution at the corner of Orleans and Bourbon streets, in the city of New Orleans, and left him there to be car-

ed for; and, further, that Ollie Mann, defendant, procured that child from the convent; and that she falsely represented said child to be her own, born to her after the death of her husband, G. W. Mann, and had him judicially recognized as such in the succession of G. W. Mann.

The principal evidence for plaintiffs was given by three sisters of the convent just named, and it entirely supports the allegations of plaintiffs' petition. And the testimony of these witnesses is supported by that of other witnesses. These witnesses appear to have been straightforward and truthful; and their testimony has not been successfully contradicted.

The defendant appeared as a witness in her own behalf, and her testimony was supported by several witnesses, all of which testimony was contradictory of that given on behalf of plaintiffs, and, at the same time, it was contradictory of that given by themselves and by one another in a great degree. Defendant and her witnesses denied that she had taken a child from the Convent of the Holy Family, and they testified that the child in question had been born to defendant.

The trial judge, who saw and heard the witnesses for both sides, rejected the testimony given by defendant and some of her witnesses as being unworthy of belief, and as being insufficient to base a judgment on in her favor.

We have examined the record, and find no reversible error in the finding of facts and the conclusions of the district judge.

There was judgment in favor of plaintiffs annulling and setting aside the judgment herein rendered on the 10th day of November, 1911, recognizing the deceased child, George Houston, therein wrongly called George Mann, as the forced heir of George Washington Mann; and decreeing that said deceased, George Washington Mann, died without issue, either posthumous or otherwise; and, further, recognizing plaintiffs as the sole surviving parents and forced heirs of their said deceased son, George Washington Mann; and ordering that they be put into possession of an undivided one-third interest in the entire estate left by the deceased, and more particularly the undivided one-third interest in the community half of the real estate described therein.

Defendant complains that the judgment goes beyond the prayer of petitioners and should be amended.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by restricting its terms so as not to annul that portion of the judgment of date November 10, 1911, in the succession of George Washington Mann, which recognizes Ollie Ender Ketchens as the widow in community of George Washington Mann, and, as such, the owner of an undivided one-half of his estate, and particularly the real property described in that judgment, and reserving to defendant the right to propound the will of George Washington Mann for probate; and as thus amended it is affirmed, defendant and appellant to pay costs of this suit to annul in both courts.